# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVIE CHRISTINE PTOMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-110-SPS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER REMANDING CASE
## FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Before the Court is the Defendant's Motion to Withdraw Defendant's Answer and Remand the Case to the Agency Pursuant to Sentence Six of 42 U.S.C. § 405(g) [Docket No. 21]. The Commissioner requests that this case be remanded pursuant to sentence six of 42 U.S.C. § 405(g) because material portions of the vocational expert's testimony from the November 5, 2013 administrative hearing are inaudible. Remand may only be accomplished in three circumstances:

> The court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the [Commissioner's] decision, a 'sentence four' remand. Alternatively, the court may remand the case without ruling on the merits if (a) the [Commissioner] requests remand, for good cause, prior to filing [his] answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding. These are 'sentence six' remands.

*Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994), *citing Melkonyan v. Sullivan*, 501 U.S. 89, 98, 100 n.2; 42 U.S.C. § 405(g).

The Commissioner represents that the Plaintiff's counsel has been contacted and does not oppose withdrawal of Defendant's Answer or remand under sentence six generally, but further requests that the Court order additional items be included in the Plaintiff's file, namely: (i) a copy of Plaintiff's initial application for Title II benefits; (ii) a copy of the transcript from the administrative hearing that took place on September 14, 2009, in Ardmore, Oklahoma; (iii) Social Security Notice, dated June 2, 2007; (iv) Letter from Attorney, dated December 5, 2006, with enclosed Request for Review; and (v) the first three pages from the Hearing Decision dated November 21, 2006. Noting that the Appeals Council accepted the case for voluntary remand solely on the basis of the deficiency related to the vocational expert's hearing testimony, the Defendant does not agree to remand on the additional bases, but acknowledges that the Plaintiff's claim will be reviewed *de novo* and Plaintiff may provide any documents and raise any arguments she deems helpful to her case.

The Court therefore finds that the reason proffered by the Commissioner for the remand of this case represents "good cause" as envisioned by the sentence six remand. Accordingly, the Defendant's Motion to Withdraw Defendant's Answer and Remand the Case to the Agency Pursuant to Sentence Six of 42 U.S.C. § 405(g) [Docket No. 21] is hereby **GRANTED**. The case is hereby **REMANDED** for further administrative proceedings pursuant to sentence six of 42 U.S.C. §405(g).

**IT IS SO ORDERED** this 22nd day of January, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma